# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LIVINGLIFE** | : | **CIVIL ACTION** |
| **ALEXANDREA SEMRAU** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DEUTSCHE BANK NATIONAL TRUST** | : | **NO.  16-1069** |
| **COMPANY, et al.** | : | |

## <u>MEMORANDUM ORDER</u>

**March 9, 2016**

Alexandrea Semrau ("Semrau") brings this civil action on behalf of herself, an entity identified as Living Life, which appears to be a business of hers, and several additional plaintiffs, including her husband and employees of Living Life.  She named as defendants Deutsche Bank National Trust Company, Bank of America, Goldbeck McCafferty and McKeever, Ed Sweeney, Carolyn B. Welsh, and Bryan Walters.  The gist of Semrau's complaint seems to be that the defendants deprived her of ownership rights in property on which she lives and on which she intended to run her business ("the property").  She also alleges violations of federal laws requiring, among other things, certain disclosures in lending.  Currently before the Court are Semrau's motion to proceed *in forma pauperis* and her filing entitled "Request Stay and Substantive Relief Order be Granted on Impending Eviction Under Rule to Show Cause *PA. R. C. P. Rule 206.6*," which the Court interprets to be a request to enjoin her and her co-plaintiffs' eviction from the property pursuant to an order of the Chester County Court of Common Pleas.

The eviction has apparently been scheduled for today.  For the following reasons, the Court will grant Semrau leave to proceed *in forma pauperis* and deny her motion to stay the eviction.[1]

In federal court, the Federal Rules of Civil Procedure, rather than the Pennsylvania Rules of Civil Procedure, apply.  Accordingly, the Court construes Semrau's filing as a motion for a preliminary injunction prohibiting her eviction from the property, pursuant to Federal Rule of Civil Procedure 65.  A party seeking the "extraordinary remedy" of a preliminary injunction must establish:  "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Underlying Semrau's claims is an ongoing property dispute that culminated in Deutsche Bank prevailing in an ejectment action filed against Semrau and her co-plaintiffs in the Chester County Court of Common Pleas.  Although the complaint is difficult to understand, Semrau appears to be contending that the defendants violated federal and state law by fraudulently misrepresenting that they own the property when, in fact, she and her husband (and possibly others) are the rightful owners.[2]  She also alleges that the Chester County Court of Common Pleas has refused to acknowledge her interest in the property and indicates that the state court, in

---

[1]  As Semrau's income is comprised solely of disability payments and public assistance, the Court will grant her leave to proceed *in forma pauperis*.  With respect to Living Life, an artificial entity may appear in federal court only through licensed counsel and, in any event, is not a "person" within the meaning of 28 U.S.C. Section 1915, the statute that allows a "person" to proceed *in forma pauperis*.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *see also Dukes v. Lancer Ins. Co.*, 390 F. App'x 159, 161 n.1 (3d Cir. 2010) (per curiam).  Furthermore, a pro se litigant who is not an attorney may not represent someone else in federal court.  *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).  Accordingly, Semrau may not pursue claims on behalf of Living Life or the other plaintiffs referenced in the complaint.  The Court will therefore address the pending motion only as it pertains to Semrau's claims.

[2]  The complaint is titled "Petition for Stay and Substantive Relife [sic] Writ of Habeas Corpus PA R. Civ. P. Rule 206.1(A)2."  Although that title suggests that Semrau is seeking habeas relief, the complaint reveals that she is not challenging a state court judgment pursuant to which she is in custody such that habeas jurisdiction would be appropriate.  28 U.S.C. § 2254.

rendering certain rulings, unlawfully assigned the property and/or her debt to the defendants. Semrau also lists various provisions of federal law that she believes to have been violated, apparently in her acquisition of an interest in the property.

The complaint asserts eighteen counts:  a count entitled "Rule to Show Cause PA R. C.P. Rule 206.6 violation of FDIC Consumer Protection Paragraph 19(b)(2)viii;" ten counts alleging violations of the Truth in Lending Act (TILA) and related regulations; a count for violation of the Fair Debt Collection Practices Act (FDCPA); a count for violations of the Real Estate Settlement Practices Act (RESPA); a state law claim to quiet title; a count under Pennsylvania's Unfair Trade Practices and Consumer Protection Law; a claim for negligent supervision; and a count for "common law fraud and injurious falsehood."  The complaint also includes a "motion to strike all of Defendants False Claims of Ownership of Plaintiff's Property," in which Semrau appears to ask the Court to strike documents entered in a state court action pertaining to the property.  Semrau attached various documents to her complaint including a writ of possession issued to Deutsche Bank by the Chester County Court of Common Pleas in the ejectment action, and a transcript from a 2013 quiet title action she initiated in state court against Bank of America.

The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over claims that are essentially appeals from state court judgments.  *See Great W. Mining & MIneral Co. v. Fox Rothschild L.L.P.*, 615 F.3d 159, 165 (3d Cir. 2010).  "[F]our requirements . . . must be met for the *Rooker-Feldman* doctrine to apply:  (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments;' (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  *Id.* at 166.  Although it is difficult to discern,

Semrau's effort to enjoin her eviction appears to be based, at least in part, on a challenge to the legality of the state court's eviction order.  Faced with similar allegations, the Third Circuit Court of Appeals has concluded that *Rooker-Feldman* applies.[3]  *See Gilarmo v. US Bank NA ex rel. CSAB Mortgage Backed Trust 2006-1*, No. 15-3321, 2016 WL 456717, at *2 (3d Cir. Feb. 5, 2016) (per curiam) ("[T]o the extent that Gilarmo complained of injuries caused by the state court foreclosure judgment and invited the Court to review it and reject it, subject matter jurisdiction was lacking."); *see also Pondexter v. Allegheny Cnty. Hous. Auth.*, 329 F. App'x 347, 350 (3d Cir. 2009) (per curiam) (*Rooker-Feldman* barred claims that would "undermine that state court's judgment that [plaintiff's] eviction was lawful.").  Accordingly, to the extent Semrau is attacking the validity of the ejectment proceedings and seeking rejection of the state

---

[3]  Although Third Circuit cases apply *Rooker-Feldman* somewhat inconsistently in federal actions related to foreclosure or eviction proceedings, it is apparent that claims challenging the state-court judgment itself are barred. *Compare Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013) (per curiam) ("Gage cannot evade *Rooker–Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions. The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed 'criminal acts' by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure."); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012) (per curiam) ("[Plaintiff's] allegations that various statutes and rights were violated because the defendants threatened, and followed through with, foreclosure when they had no right to do so is nothing more than an attack on the state court judgment."); *Robinson v. Porges*, 382 F. App'x 133, 135 (3d Cir. 2010) (per curiam) ("Robinson's complaint 'demands the return of his home as his own property with free and clear deed and title,' as well as actual and punitive damages.  Such an award could only be made by reviewing and rejecting the state court judgments."); *Jacobowitz v. M & T Mortgage Corp*., 372 F. App'x 225, 227 (3d Cir. 2010) (per curiam) (agreeing that *Rooker-Feldman* barred TILA claims "as a favorable decision for the Jacobowitzes in the District Court would prevent the Court of Common Pleas from enforcing its order to foreclose the mortgage"); *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (finding that *Rooker-Feldman* barred recission claim that would negate state court's foreclosure judgment) *with Conklin v. Anthou*, 495 F. App'x 257, 262 (3d Cir. 2012) (per curiam) (stating that *Rooker-Feldman* did not bar plaintiff from "attacking the parties to the foreclosure proceedings or alleging that the methods and evidence employed were the product of fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state-court judgments into question"); *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006) ("Turner's complaint raised federal claims, grounded on the FHA, *not* caused by the state-court judgment but instead attributable to defendants' alleged FHA violations that preceded the state-court judgment."); *Hersh v. CityMortgage, Inc.*, 16 F. Supp. 3d 556, 572–73, n.2 (W.D. Pa. 2014) (noting the inconsistent approaches).

court's ruling against her, she is unlikely to succeed on the merits because the Court lacks jurisdiction over those claims.[4]

To the extent the *Rooker-Feldman* does not apply, the Anti-Injunction Act prohibits the Court from enjoining the state court's eviction order.  Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.   Semrau's filings do not establish a plausible basis for concluding that any of those exceptions are met here.  Indeed, several district courts in this circuit have held that the Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings.[5]  Similarly, the Anti-Injunction Act prohibits this Court from enjoining Semrau's eviction pursuant to the state court's order.

To the extent Semrau's motion seeks relief in the form of an order requiring defendants to make an evidentiary showing, she essentially seeks discovery that can be obtained at a later date after the complaint is served.  Accordingly, the Court denies those requests without prejudice as premature.

---

[4]  It is also appears likely that *res judicata*, which bars claims that were brought or could have been brought in a previous action, precludes several of plaintiff's claims.

[5]  *See, e.g.*, *Coppedge v. Conway*, No. 14-1477, 2015 WL 168839, at *1–2 (D. Del. Jan. 12, 2015) (finding that the Anti-Injunction Act prohibited federal court from enjoining sheriff's sale ordered by state court); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act prohibits this Court from taking such action."); *E. Liggon–Redding v. Generations,* No. 14–3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); *Mason v. Bank of Am., N.A.*, No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 10, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti-Injunction Act.").

**AND NOW**, this 9th day of March, 2016, upon consideration of plaintiff's motion to proceed *in forma pauperis* (Document No. 1) and "Request Stay and Substantive Relief Order be Granted on Impending Eviction Under Rule to Show Cause *PA. R. C. P. Rule 206.6*" (Document No. 1-1) and in accordance with the above analysis, it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED**.

2.      The "Request Stay and Substantive Relief Order be Granted on Impending Eviction Under Rule to Show Cause *PA. R. C. P. Rule 206.6*," is **DENIED**.

3.      The Clerk of Court shall not issue summonses at this time so that the Court may screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).


**BY THE COURT:**


**/s/ Gerald J. Pappert**
**GERALD J. PAPPERT, J.**